UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

        CASE NO. 3:14-bk-02690-JAF

PEDRO SAAVEDRA and
VIVIANA SAAVEDRA,
d/b/a Saavedra Farms,

      Debtors.
_____

## DEBTORS' SECOND AMENDED CHAPTER 12 PLAN

The Debtors, Pedro Saavedra and Viviana Saavedra, submit this Plan in accordance with the provisions of §§ 1201, 1229, et seq., United States Bankruptcy Code:

1. Subject to the terms and conditions set forth in this Plan, the future earnings of the Debtors are submitted to the supervision and control of the Trustee, and the Debtors shall pay to the Trustee the sum of $16,850.00 in quintuply payments per year over the life of the Plan for a total plan period of sixty (60) months (25 periods).

## Terms, Conditions and Preliminary Matters

I. The effective date of this Chapter 12 Plan shall be deemed to be the date of the confirmation hearing scheduled in this case. This provision shall be deemed to include and apply to any Amended or Modified Chapter 12 Plan the Debtors may file prior to the confirmation hearing. If the Debtors' Plan is confirmed on a different dated than the confirmation hearing date, then the effective date will be modified to reflect the date the Plan as may be amended is actually confirmed.

II. The Debtors project that they will receive five grow-outs per year and five payments from the vertical integrator with whom they have a Broiler Production Agreement, and on that basis they will make five quintuply Plan payments per year to the Creditors and Trustee pursuant to the terms of this Plan. In the event that the Debtors receive six grow-out payments per year, the Debtors will retain the sixth check for their use in paying operating and living expenses as well as any needed capital repairs. The Debtors anticipate making five payments per year to the Creditors and Trustee approximately every 65 to 75 days. The date when the first quintuply Plan payment to the Chapter 12 Trustee shall commence shall be the 70th day following the effective date of this Chapter 12 Plan, or as soon after confirmation of the Plan as the Debtors receive their next grow-out check.

III. All Plan payments are to be made through the Trustee's Office with certified funds, cashier's checks or money orders to the following address: Douglas W. Neway, Chapter 12 Trustee, Post Office Box 4308, Jacksonville, Florida 32201.

1

IV. The Debtors shall submit to the Trustee and file with the Court Reports of Cash Receipts and Disbursements during the 60 month period of this Plan on a quintuply basis with the first report due 15 days after the first quintuply Plan payment is made and no later than 15 days after each quintuply Plan payment thereafter. For any disbursement for repairs or upgrades to the Debtors' broiler houses, the Debtors shall attach to that quintuple's report, a statement from the vendor, supplier or serviceman as may have performed repairs and upgrades itemizing the repairs or upgrades performed; the reason for the repair or upgrade; and the costs broken down for parts and labor.

V. The Debtors shall furnish the Chapter 12 Trustee with copies of their Federal Form 1040 Income Tax Return no later than May 1 of each year, commencing May 1, 2015. If the Debtors' tax return for a particular year is on extension, the Debtors shall so inform the Chapter 12 Trustee and furnish a copy thereof no later than 15 days from the date the extended return is filed.

VI. The Debtors shall submit any tax refund they receive for the tax years ending December 31, 2014, December 31, 2015, December 31, 2016, and December 31, 2017, to the Chapter 12 Trustee for distribution to the holders of allowed, unsecured claims in this case subject to the payment of the Chapter 12 Trustee's commission.

VII. The Debtor shall submit an Annual Net Disposable Income Affidavit to the Chapter 12 Trustee and to all creditors and interested persons shown on the mailing matrix for this case for the 60 month term of this Plan in accordance with the following terms and conditions:

- A. The first Net Disposable Income Affidavit including all income, operating expenses and living expenses shall encompass the period from April 1, 2014, to December 31, 2014.

- B. The Debtors shall submit the Annual Net Disposable Income Affidavit no later than January 31 following the end of the previous calendar year on December 31.

- C. The Chapter 12 Trustee shall review the Debtors' Annual Net Disposable Income Affidavit submitted each year and notify the Debtors within 30 days of receipt of the Annual Net Disposable Income Affidavit of the additional monies to be paid to the Chapter 12 Trustee for distribution to the holders of allowed, unsecured claims in this case subject to the payment of the Chapter 12 Trustee's commission.

- D. The Chapter 12 Trustee, any creditor or interested person may file an objection or request for hearing with respect to the Debtors' Annual Net Disposable Income Affidavit and the amount proposed to be paid to the Chapter 12 Trustee under said Affidavit.

E. The Debtors shall pay the amount determined by the Chapter 12 Trustee as Annual Net Disposable Income no later than 10 days from the date of notification by the Chapter 12 Trustee of the amount referenced in paragraph VII(C).

F. The Debtors shall produce for examination, inspection and copying by the Chapter 12 Trustee and any creditor such additional records as the Trustee shall deem appropriate including but not limited to tax returns, bank statements, income and expense statements and invoices.

G. If the Court determines that money or property of the estate was expended for a repair or upgrade that was not reasonably necessary to expend for the maintenance or support of the Debtors and their family or for the continuation, preservation and operations of the Debtors' business, then the Debtors shall be required to pay said amount to the Chapter 12 Trustee. This Case may be extended and the grant of a Discharge to the Debtors withheld until such funds are paid.

H. The Chapter 12 Trustee and creditors shall retain the right to conduct a Rule 2004 Examination to obtain such additional information as may be necessary or desirable to evaluate the Debtors' reports.

2. From the payments so received, the Trustee shall make disbursements as follows:

A. <u>Priority Claims</u>.

1. The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of five percent (5%) of the amount of all payments under the Plan.

2. United States Internal Revenue Service holds a priority claim [Claim # 4 for 2007 heavy vehicle taxes] in the amount of $1.36 which shall be paid in full in one monthly installment over the life of the Plan of $1.36. [Total Plan Payments: $1.36 x 1 = $1.36].

3. The Chauncey Law Firm, P.A. holds a priority claim for attorney's fees and costs in the amount of $10,000.00 which shall be paid in quintuply installments at 0.00% interest per year of $400.00 over the 60 month term (25 periods) of this Plan.

4. Any ad valorem property taxes which become due and payable after the date of filing or commencement for this case will be paid directly by the Debtor to taxing authority on an unimpaired basis.

B.      Secured Claims.

1.      Bank of America, N.A. holds a first priority mortgage lien [Claim # 14 ; Real Estate Mortgage recorded in Official Record Book 1236, Page 151, Public Records of Suwannee County, Florida.] in 35.5 acre portion of the Debtors' real property (Farm land and poultry houses) in the amount of $360,000.00 which shall be paid in full over a 7 1/2 year term in quintuply installments amortized on a 20-year basis at 5.25% of $5,832.06, with all unpaid principal and accrued and unpaid interest to balloon and become due and payable in the 7 1/2th year at the time the 37 1/2th payment comes due. [Total Payments: $5,832.06 x 25 = $145,801.50 - - There will be a balance remaining after completion of these 25 quintuply Plan payments. The balance after the 25th Plan payment will be paid directly to Bank of America, N.A. in quintuply installments of $5,832.06 beginning with the 26th quintuply payment, and continuing thereafter until all principal and interest is paid in full at the expiration of the 7 1/2 year balloon].

    a.      Any ad valorem property taxes which become due and payable after the date of filing or commencement for this case will be paid directly by the Debtor to taxing authority on an unimpaired basis.

    b.      The Debtor shall provide proof that property taxes have been timely paid on the real property securing the subject mortgage loan, and provide for full payment of any delinquent property taxes, and provide proof of casualty insurance for the full amount due and maintain said insurance throughout the term of the loan.

    c.      The Debtor shall permit inspections and appraisals of the mortgaged real property as deemed reasonably appropriate. The Debtor shall furnish information regarding the mortgaged real property and its status as may be reasonably requested.

    d.      Should the Debtor default in timely making the Chapter 12 Plan payments, or default under any other material provision of the Order Confirming Debtors' Chapter 12 Plan, Bank of America, N.A., shall be entitled to relief from the automatic stay imposed by 11 U.S.C. § 362(a) to foreclose its Mortgage on the Property upon the filing of an affidavit of default. A copy of the affidavit shall be served on the Debtor's counsel. An order lifting the automatic stay shall be entered without a hearing unless the Debtor shall have responded with a counter-affidavit within 15 days, stating that the payment or ad valorem tax payment was in fact made, or that the proof of insurance was provided. No other response shall be permitted. If a counter-affidavit is timely filed by the Debtor, the Court will schedule a hearing to determine if the bankruptcy stay should be lifted.

    e.      Should Bank of America, N.A. be relieved from the automatic stay as to the referenced property, such relief from the automatic stay shall extend to any Co-Debtor(s) and the fourteen (14) day stay set forth in Bankruptcy Rule 4001(a)(3) shall be waived.

2.      Nationstar Mortgage, LLC. holds a first priority mortgage lien [Claim # 18; Real Estate Mortgage recorded in Official Record Book 1311, Page 139, Public Records of Suwannee County, Florida, formerly held by BAC Home Loans Servicing, L.P. and subsequently assigned to Nationstar Mortgage LLC recorded at Official Records Book 1718, Page 352 on October 22, 2012] in an 8.11 acre portion of the Debtors' real property] in the amount of $135,159.25 which shall be amortized at 5.25% per annum and paid in quintuply payments per year of $1,946.72 each over a 25-year term. [Total Plan Payments: $1,946.72 x 25 = $48,668.08 - - There will be a balance

remaining after the 25th quintuply installment under the Plan. Beginning with the 26th quintuply payment and through the 125th and last quintuply payment, the Debtors will pay $1,946.72 quintuply directly to this Creditor.]

   3. Bank of America, N.A. holds a second priority mortgage lien [Claim # 20; Real Estate Mortgage recorded in Official Record Book 1237, Page 162, Public Records of Suwannee County, Florida] in an 23 acre portion of the Debtors' real property (which includes the 8.11 acre Residence of Pedro and Viviana Saavedra)] which shall receive no distribution because this claim is secured by real property with a value less than the amounts owed to the first mortgage liens [paragraphs B1 and B2]. [Total Payments: $00.00 x 25 = $00.00.] The mortgage on the Real Property held by Bank of America, N.A., recorded in Book 1237, Page 162, of the official records of Suwannee County, shall be deemed void, and shall be extinguished automatically, without further court order, upon entry of the Debtors' discharge in this Chapter 12 case, provided, however, that the Court reserves jurisdiction to consider, if appropriate, the avoidance of Bank of America, N.A.'s mortgage lien prior to the entry of the Debtors' discharge.

   4. Bank of America, N.A. holds a third priority mortgage lien [Claim # 21; Real Estate Mortgage recorded in Official Record Book 1395, Page 130, Public Records of Suwannee County, Florida.] in the 8.11 acre portion of the Debtors' real property included within the 23.0 acre parcel referenced in paragraph B3 of this Plan (Residence of Pedro and Viviana Saavedra) which shall receive no distribution because this claim is secured by real property with a value less than the amounts owed to the first and second mortgage liens [paragraphs B1, B2 and B3]. [Total Payments: $00.00 x 25 = $00.00.] The mortgage on the Real Property held by Bank of America, N.A., recorded in Book 1395, Page 130, of the official records of Suwannee County, shall be deemed void, and shall be extinguished automatically, without further court order, upon entry of the Debtors' discharge in this Chapter 12 case, provided, however, that the Court reserves jurisdiction to consider, if appropriate, the avoidance of Bank of America, N.A.'s mortgage lien prior to the entry of the Debtors' discharge.

   5. BAC Home Loans Servicing, L.P., fka Countrywide Home Loans, Servicing, L.P. holds a secured claim [Claim # 22; Real Estate Mortgage recorded in Official Record Book 1201, Page 408, and re-recorded in Official Record Book 1308, Page 1, Public Records of Suwannee County, Florida] in a portion of the Debtors' real property (Residence of Oscar and Julie Saavedra) in the amount of $100,000.00 which shall be amortized at 2% per annum and paid in quintuply payments per year of $1,018.16 each over a 25-year term. [Total Plan Payments: $1,018.16 x 25 = $25,454.09 - - There will be balance remaining after the 25th quintuply installment under the Plan. Beginning with the 26th quintuply payment and through the 125th and last quintuply payment, the Debtors will pay $1,018.16 quintuply directly to this Creditor.]

   6. Ford Motor Credit Company holds a secured claim [Claim # 13] in the amount of $13,000.00 in a 2005 Ford F150, VIN: 1FTPW14555FA63687 which shall be paid in full over a 10 year term in quintuply installments amortized at 5.25% of $335.53. [Total Plan Payments: $335.53 x 25 = $8,388.16 - - There will be a balance remaining after the 25th quintuply installment

under the Plan. Beginning with the 26th quintuply payment and through the 50th and last quintuply payment, the Debtors will pay $335.53 quintuply directly to this Creditor.]

       7.     Ally Financial holds a secured claim [Claim # 6] in the amount of $13,366.00 in a 2007 Cadillac Escalade, VIN: 1GYFK63837R176167 which shall be paid in full over the 60 month term of this Plan in quintuply installments amortized at 6.0% of $620.16. [Total Payments: $620.16 x 25 = $15,504.00 - -  There will be no balance remaining after completion of these Plan payments.]

       8.     Ford Motor Credit Company holds a secured claim [No Claim Filed] in the amount of $46,123.59 in a 2008 Ford F450, VIN: 1FTXW43R08EB08650. The Debtors shall surrender their interest in this vehicle.

       9.     Bank of the West holds a secured claim [Claim # 9; Order Granting Motion to Value Secured Claim Nine dated August 12, 2014] in the amount of $5,000.00 in a 2006 North Shore RV, VIN: 47CFF2R246P614394 which shall be paid in full over the 60 month term of this Plan in quintuply installments amortized at 6.0% of $231.99. [Total Payments: $231.99 x 25 = $5,799.75 - -  There will be no balance remaining after completion of these Plan payments.]

      10.    AGCO Finance, LLC holds a secured claim [Claim # 1] in the amount of $8,980.14 in a Massey Ferguson 563 Tractor and Loader. The Debtors shall surrender their interest in this vehicle.

      11.    Volvo Financial Services, a division of VFS US LLC holds a secured claim [Claim # 7] in a 2006 Volvo L90E Articulated Wheel Loader, Serial No: 7341, with the following attachments: 3rd Function, Rake with Clamp, 3.0 yd bucket in the amount of $29,685.36 which shall be paid in full over the 60 month term of this Plan in quintuply installments amortized at 5.0% of $1,347.92. [Total Payments: $1,347.92 x 25 = $33,697.90 - -  There will be no balance remaining after completion of these Plan payments.]

      12.    Volvo Financial Services, a division of VFS US LLC holds a secured claim [Claim # 8] in a 2006 Volvo EC210BLC Crawler Mounted Hydraulic Excavator, Serial No: 6240, together with Bucket in the amount of $28,420.37 which shall be paid in full over the 60 month term of this Plan in quintuply installments amortized at 5.0% of $1,290.48. [Total Payments: $1,290.48 x 25 = $32,261.92 - -  There will be no balance remaining after completion of these Plan payments.]

      13.    Wells Fargo Bank, N.A., dba Wells Fargo Dealer Services, holds a secured claim [Claim # 5] in the amount of $22,089.94 in a 2006 BMW 325, VIN: WBAVB13526PT04019. The Debtors shall surrender their interest in this vehicle.

      14.    TD Bank, purports to hold a first priority mortgage lien [Claim # 23] in the amount of $220,000.00 by virtue of that certain Mortgage recorded in the official records of Suwannee County, Florida, in the Debtors' real property located at 14127 CR 252, Live Oak, Florida

32060 in Suwannee County, Florida. The Debtors shall surrender their interest in this real property.

15. Farm Service Agency, holds a second priority mortgage lien [Claim # 19] in the amount of $226,210.54 by virtue of that certain Mortgage recorded in Official Record Book 1768, Page 252, Public Records of Suwannee County, Florida, in the Debtors' real property located at 14127 CR 252, Live Oak, Florida 32060 in Suwannee County, Florida. The Debtors shall surrender their interest in this real property.

a. Farm Service Agency, purports to hold a first priority security interest [Claim # 19] in the Debtors' farm equipment and implements having a value of $59,800.00 which shall be paid in full over the 60 month term of this Plan in quintuply installments amortized at 5.0% of $2,679.00. [Total Payments: $2,679.00 x 25 = $66,974.96 - - There will be no balance remaining after completion of these Plan payments.]

16. GE Capital Corporation holds a secured claim [Claim # 11] in the amount of $121,126.24 in a Volvo Wheel Loader L70, S/N: 61056. The Debtors shall surrender their interest in this equipment.

17. GE Capital Corporation holds a secured claim [Claim # 12] in the amount of $146,364.64 in a Volvo Model EX240BLC Hydraulic Excavator, SN: 240B10985T. The Debtors shall surrender their interest in this equipment.

18. United States Internal Revenue Service holds a secured claim [Claim # 4] for 2006 income taxes having a value of $2,420.00 which shall be paid in full over the 60 month term of this Plan in quintuply installments amortized at 5.0% of $109.88. [Total Payments: $109.88 x 25 = $2,747.11 - - There will be no balance remaining after completion of these Plan payments.]

C. Unsecured Claims.

The Trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been avoided.

D. Other Provisions.

1. The Debtors reject any executory contracts except for their Broiler Production Agreement with Pilgrim's Pride Corporation.

2. Title to all property shall vest in the Debtors upon confirmation of this Plan subject to the liens of creditors to the extent of the value of the property. Upon successful completion of the Plan payments for secured claims which the Plan contemplates paying in full over the term of the Plan as conclusively evidenced by the filing of the Trustee's Notice of Plan Completion, the secured creditor shall execute and deliver in recordable form a satisfaction, release or discharge of its security interest or lien within ten (10) days from the date of Discharge.

3. Any creditor's claims [other than governmental units] filed after the claims bar date of October 14, 2014, shall receive no distribution under this Plan unless specifically provided for above. Governmental units shall have until 180 days from the commencement of the case to file claims, and any claims filed after this date shall receive no distribution under this Plan unless specifically provided for above.

4. Upon entry of an Order Confirming Plan, the terms of this Plan shall be binding on all creditors whether or not a claim was filed. A creditor listed in the Debtors' Schedules D, E, or F, and those creditors listed on the mailing matrix who fail to file a claim shall receive no distribution and upon completion of the Plan payments, any such claim, liability or indebtedness is discharged. Any creditor receiving notice of this bankruptcy filing who does not file a proof of claim, whether said claim is secured, unsecured or priority claim, shall be deemed discharged, released and of no further force and effect unless filed and allowed in this case.

5. Once the Debtors successfully completes this Chapter 12 Plan and a Discharge is entered by the Court, no creditor will be allowed to add or include any late charges, penalties, default interest or attorney's fees with respect to any claim from the date of the instrument or obligation to the date of Discharge.

6. All secured creditors who have secured claims which the Plan contemplates paying in full over the term of the Plan, shall, upon successful completion of the Plan payments as conclusively evidenced by the filing of the Trustee's Notice of Plan Completion, execute and deliver in recordable form a satisfaction, release or discharge of its security interest or lien within thirty (30) days after the date of Discharge. In the event that a creditor fails to timely provide a release of lien or satisfaction of a lien or mortgage, the Debtor may pursue all available rights and remedies in state court or this bankruptcy court including the recovery of attorney's fees in accordance with §701.04, *Florida Statutes*.

7. Except for those claims to which the Debtor has stipulated the Debtors shall have a period of thirty (30) days following the expiration of the claims deadline or the entry of an Order Confirming Plan, whichever occurs later, within which to seek valuation of claim number twenty pursuant to §506(a), United States Bankruptcy Code. The terms of the Debtors' plan and any Order Confirming Plan shall not be *res judicata* as to any claim with respect to which the Debtors file a Motion to Value.

8. Further, if this case is converted to a case under Chapter 7, or if this Chapter 12 case is involuntarily or voluntarily dismissed, all pre-petition security agreements shall be valid and in full effect as if this case had never been filed.

Date: January 6, 2015.                    THE CHAUNCEY LAW FIRM, P. A.


BY       */s/ Anthony W. Chauncey*
Anthony W. Chauncey, Esquire
Florida Bar No. 75023
320 White Avenue - Street Address
Post Office Box 548 - Mailing Address
Live Oak, Florida 32064
Telephone:            (386) 364-4445
Telecopier:           (386) 364-4508
Email:     awc@chaunceylaw.com
Attorneys for Debtors


**CERTIFICATE OF SERVICE**

**I CERTIFY** that a true and correct copy of the foregoing was furnished by electronic/email notification or United States Mail, postage prepaid and first class, to Douglas W. Neway, Esquire, Chapter 12 Trustee, Post Office Box 4308, Jacksonville, Florida 32201 and those creditors and interested persons shown on the attached mailing matrix on this 6th day of January, 2015.

THE CHAUNCEY LAW FIRM, P. A.


BY */s/ Anthony W. Chauncey*
Anthony W. Chauncey, Esquire
Florida Bar No. 75023
320 White Avenue - Street Address
Post Office Box 548 - Mailing Address
Live Oak, Florida 32064
Telephone:            (386) 364-4445
Telecopier:           (386) 364-4508
Email:     awc@chaunceylaw.com
Attorneys for Debtors

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:14-bk-02690-JAF<br>Middle District of Florida<br>Jacksonville<br>Tue Jan  6 18:59:41 EST 2015 | Ally Financial f/k/a GMAC Inc.<br>c/o Andrew W. Houchins<br>Post Office Box 3146<br>Orlando, FL 32802-3146 | Bank of America, N.A.<br>c/o Liebler, Gonzalez & Portuondo<br>44 West Flagler Street<br>Courthouse Tower-25th Floor<br>Miami, FL 33130-1808 |
| (p)FORD MOTOR CREDIT COMPANY<br>P O BOX 62180<br>COLORADO SPRINGS CO 80962-2180 | Pedro Saavedra<br>8959 240th Street<br>O'Brien, FL 32071-3830 | Viviana Saavedra<br>8959 240th Street<br>O'Brien, FL 32071-3830 |
| United States of America - USDA-FSA<br>1718 Peachtree Street<br>Atlanta, GA 30309-2452 | Volvo Commerical Finance, a Division of VFS<br>c/o Jamie W. Olinto, Esq.<br>Adams and Reese LLP<br>501 Riverside Avenue<br>7th Floor<br>Jacksonville, FL 32202-4934 | WELLS FARGO BANK, N.A.<br>C/o Alison Verges Walters, Esq.<br>PO Box 707<br>Tampa, FL 33601-0707 |
| AGCO Finance LLC<br>P.O. Box 2000<br>Johnston, IA 50131-0020 | Ally Financial<br>P.O. Box 130424<br>Roseville, MN 55113-0004 | Ally Financial serviced by Ally Servicing LL<br>PO Box 130424<br>Roseville, MN 55113-0004 |
| American InfoSource LP as agent for -<br>DIRECTV, LLC<br>PO Box 51178<br>Los Angeles, CA  90051-5478 | BANK OF THE WEST -<br>2527 CAMINO RAMON<br>SAN RAMON CA 94583-4213 | Bank of America<br>101 North Tryon Street<br>Charlotte, NC 28255-0001 |
| Bank of America<br>P. O. Box 15026<br>Wilimgton, DE 19850-5026 | Bank of America<br>P. O. Box 21848<br>Greensboro, NC 27420-1848 | Bank of America<br>P. O. Box 660576<br>Dallas, TX 75266-0576 |
| Bank of America<br>P.O. Box 5170<br>Simi Valley, CA 93062-5170 | Bank of America, N.A.<br>44 W. Flagler Street, 25th Floor<br>Miami, FL 33130-1808 | Bank of America, N.A.<br>P.O. Box 26012<br>Greensboro, NC 27420-6012 |
| Bank of the West<br>P. O. Box 4002<br>Concord, CA 94524-4002 | Best Buy Retail Services<br>P. O. Box 5238<br>Carol Stream, IL 60197-5238 | Cananwill, Inc.<br>P. O. Box 8264<br>Chicago, IL 60601 |
| Capital One, N.A. -<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Coface Collections of North America<br>P. O. Box 8510<br>Metaire, LA 70011-8510 | Countrywide Home Loans<br>P. O. Box 660694<br>Dallas, TX 75266-0694 |
| Countrywide Home Loans Servicing<br>P. O. Box 5170<br>Simi Valley, CA 93062-5170 | Credit Collections USA<br>P. O. Box 873<br>Morgantown, WV 26507-0873 | Farm Plan<br>P. O. Box 5328<br>Madison, WI 53705-0328 |

| | | |
|---|---|---|
| Farm Service Agency<br>1416 E US 90, Suite A<br>Madison, Florida 32340-7058 | First Federal Bank of Florida Visa<br>P. O. Box 30131<br>Tampa, FL 33630-3131 | First of America Bank-FLORIDA<br>115 East Washington Street<br>Bloomington, IL 61701-4087 |
| Flagler Construction Equipment<br>4700 Millenia Blvd.<br># 500<br>Orlando, FL 32839-6019 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 | Ford Motor Credit<br>P. O. Box 390910<br>Minneapolis, MN 55439-0910 |
| Ford Motor Credit<br>P. O. Box 790119<br>St. Louis, MO 63179-0119 | Ford Motor Credit Company -<br>Dept 55953<br>PO Box 55000<br>Detroit, MI 48255-2679 | Ford Motor Credit Company<br>P.O. Box 55000<br>Detroit, MI 48255-2679 |
| Ford Motor Credit Company<br>P.O. Box 6508<br>Mesa, Arizona 85216-6508 | G. E. Capital<br>P. O. Box 6229<br>Carol Stream, IL 60197-6229 | GE Capital Corporation<br>1010 Thomas Edison Blvd. S.W.<br>Cedar Rapids, Iowa 52404-8247<br>GE Capital Corporation |
| GE Capital/Colonial Pacific Leasing Corp -<br>C/O Barbi Martin<br>1010 Thomas Edison Blvd SW<br>Cedar Rapids, IA 52404-8247 | GE Money Bank<br>P. O. Box 960061<br>Orlando, FL 32896-0061 | GMAC<br>P. O. Box 3100<br>Midland, TX 79702 |
| Green Tree Servicing LLC<br>P. O. Box 6172<br>Rapid City, SD 57709-6172 | Green Tree Servicing, LLC<br>P.O. Box 961247<br>Ft. Worth, TX 76161-0247 | Hog Slat, Inc.<br>P.O. Box 300<br>Newton Grove, NC 28366-0300 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>P.O. Box 8208<br>Philadelphia, PA 19101-8208 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA  19101-7346 |
| John Deere Credit Card<br>23176 Network Place<br>Chicago, IL 60673-1231 | John Deere Credit Card<br>P. O. Box 5327<br>Madison, WI 53705-0327 | John Deere Financial, f.s.b. -<br>PO Box 6600<br>Johnston, Iowa 50131-6600 |
| Moody & Shea, P.A.<br>14501 Walsingham Road<br>Largo, FL 33774-3342 | MurphyLomon & Associates<br>P. O. Box 2206<br>Des Plaines, IL 60017-2206 | Nashville Tractor, Inc.<br>P.O. Box 847<br>Nashville, GA 31639-0847 |
| (p)NATIONSTAR MORTGAGE<br>PO BOX 630267<br>IRVING TEXAS 75063-0116 | Nationstar Mortgage LLC -<br>c/o Steven Powrozek<br>4630 Woodland Corporate Boulevard<br>Suite 100<br>Tampa, FL 33614-2429 | PYOD, LLC its successors and assigns as assi<br>of Roundup Funding L.L.C.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602-9008 |

| | | |
|---|---|---|
| Pilgrim's Pride Corporation<br>110 S Texas Street<br>Pittsburg, TX 75686-1532 | RSC Equipment Rental<br>P. O. Box 840514<br>Dallas, TX 75284-0514 | Sears Credit Card<br>P. O. Box 183081<br>Columbus, OH 43218-3081 |
| Suwannee County Tax Collector<br>215 Pine Avenue, Ste A<br>Live Oak FL 32064-2349 | Synchrony Bank -<br>c/o Recovery Management Systems Corp<br>25 SE 2nd Ave Suite 1120<br>Miami FL 33131-1605 | TD Bank<br>P.O. Box 5600<br>Lewiston, ME 04243-5600 |
| United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | Volvo Financial Services<br>P. O. Box 26131<br>Greensboro, NC 27402-6131 | Volvo Financial Services (f/k/a Volvo Commer<br>c/o John T. Rogerson, III, Esq.<br>Adams and Reese LLP<br>501 Riverside Avenue, 7th Floor<br>Jacksonville, FL 32202-4934 |
| WFNNB - Kane Furniture<br>P. O. Box 659704<br>San Antonio, TX 78265-9704 | Wacovia Dealer Services<br>P. O. Box 25341<br>Santa Ana, CA 92799-5341 | Wells Fargo Bank, N.A.<br>P.O. Box 19657<br>Irvine, CA 92623-9657 |
| Lawrence J Bernard +<br>Lawrence J. Bernard, P.A.<br>480 Busch Drive<br>Jacksonville, FL 32218-5553 | United States Trustee - JAX 13/7 7 +<br>Office of the United States Trustee<br>George C Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801-2210 | Ronnie S Carter +<br>United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 |
| Alison Verges Walters +<br>Dennis LeVine & Associates, PA<br>PO Box 707<br>Tampa, FL 33601-0707 | Steven G Powrozek +<br>Shapiro, Fishman & Gache, LLP<br>4630 Woodland Corporate Blvd<br>Suite 100<br>Tampa, FL 33614-2429 | Andrew W Houchins +<br>Rush Marshall Jones and Kelly<br>PO Box 3146<br>Orlando, FL 32802-3146 |
| Douglas W Neway Chapter 12 Trustee +<br>P O Box 4308<br>Jacksonville, FL 32201-4308 | Anthony W. Chauncey +<br>The Chauncey Law Firm, PA<br>Post Office Box 548<br>Live Oak, FL 32064-0548 | Laudy Luna +<br>Liebler Gonzalez & Portuondo PA<br>44 West Flagler<br>Suite 2500<br>Miami, FL 33130-1817 |
| Jamie W Olinto +<br>Adams and Reese LLP<br>501 Riverside Avenue<br>Jacksonville, FL 32202-4934 | Jessica B Reyes +<br>Liebler Gonzalez & Portuondo PA<br>Courthouse Tower - 25th Floor<br>44 West Flagler Street<br>Miami, FL 33130-1808 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Ford Motor Credit Company<br>P.O. Box 537901<br>Livonia, MI 48153-7901 | Internal Revenue Service -<br>P. O. Box 69<br>Memphis, TN 38101 | Nationstar Mortgage<br>350 Highland Drive<br>Lewisville, TX 75067 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Jerry A. Funk
Jacksonville

(u)Nationstar Mortgage LLC

(u)United States of America - IRS
400 W. Bay Street
Jacksonville


(d)AGCO Finance LLC -
P.O. Box 2000
Johnston, IA 50131-0020

(d)AGCO Finance LLC
P.O. Box 2000
Johnston, IA 50131-0020

(d)Bank of America -
101 North Tryon Street
Charlotte, NC 28255-0001


(d)Bank of America, N.A. -
c/o Liebler, Gonzalez & Portuondo
44 West Flagler Street
Courthouse Tower - 25th FL
Miami, FL 33130-1808

(d)Bank of the West
2527 Camino Ramon
San Ramon, CA 94583-4213

(d)Farm Service Agency -
1416 E US 90, Suite A
Madison, Florida 32340-7058


(d)GE Capital Corporation -
1010 Thomas Edison Blvd. S.W.
Cedar Rapids, Iowa 52404-8247
GE Capital Corporation

(d)John Deere Financial,f.s.b.
PO Box 6600
Johnston, Iowa 50131-6600

(d)Nationstar Mortgage, LLC
P.O. Box 630267
Irving, Texas 75063-0116


(d)TD Bank -
P.O. Box 5600
Lewiston, ME 04243-5600

(d)Wells Fargo Bank, N.A. -
P.O. Box 19657
Irvine, CA 92623-9657

(u)Note: Entries with a '+' at the end of the
name have an email address on file in CMECF
-------------------------------------------
Note: Entries with a '-' at the end of the
name have filed a claim in this case


End of Label Matrix
Mailable recipients    82
Bypassed recipients    15
Total                  97