UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:14-bk-02690-JAF

IN RE:

PEDRO SAAVEDRA and
VIVIANA SAAVEDRA
    Debtors

_____

ORDER CONFIRMING CHAPTER 12 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

It having been determined after hearing on notice that the Plan complies with the provisions of 11 U.S.C. §1225,

Accordingly:

**IT IS ORDERED** that:

1. The Plan, dated January 6, 2015, as amended in open court, is confirmed.

2. The balance of the interim funds shall be applied to the Confirmed Plan payments.

3. Payments shall be made by the Debtors in the amount of $18,225.00 and continuing payments every 73rd day thereafter for a total of 25 payments over 60 months commencing on or before February 1, 2015.  Payments shall be made by certified funds to Douglas W. Neway, Trustee, at **P.O. Box 4308, Jacksonville, Florida 32201.**

4. Notwithstanding and in addition to payments set out in 3 above, the Debtors shall fund this Plan for 60 months, beginning on the date that the first payment is due under the Plan, using

PEDRO SAAVEDRA and                                              CASE NO: 3:14-bk-02690-JAF
VIVIANA SAAVEDRA

all disposable income to be paid to unsecured creditors, or when all claims are paid in full, whichever occurs first.

     5. The Trustee shall pay all claims provided for in the Plan for which proofs of claim have been filed.  Distributions shall commence and be made by the Trustee on a quintuply basis following this Confirmation on secured and priority claims only.  Distributions shall not commence to the allowed general unsecured claimants until after the claims bar date.

     6. The Trustee shall make full disbursements in the following order:

          a.    Commissions and costs as the Court may from time to time approve.

          b.    Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

          c.    Any claim or amended claim filed after August 26, 2014, unless specifically provided for in Exhibit A, shall receive no distribution.

     7. Secured creditors shall retain their liens.

     8. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtors' completion of the Plan, unless specifically provided for in this order, or by further order of Court on motion filed prior to completion of the Plan. Regardless of objection by the creditor, this provision specifically supersedes all language in any Confirmed Plan that states differently.

PEDRO SAAVEDRA and                                    CASE NO: 3:14-bk-02690-JAF
VIVIANA SAAVEDRA

9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing.

10. The property of the estate revests in the Debtors or in any other entity provided for by the Debtors in the terms of the confirmed Chapter 12 upon entry of this order.

11. The Debtors shall file all required post petition tax returns with the Internal Revenue Service and provide a copy of the tax return to the Chapter 12 Trustee by April 30th of the year following the taxable year.  If the Debtors have properly filed an extension to file with the Internal Revenue Service and deliver a copy of the tax return to the Chapter 12 Trustee no later than 10 days after the extension date. All tax refunds received during this 60 month Plan shall be turned over to the Chapter 12 Trustee for additional distribution to the unsecured creditors.

12. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect.

13. Any objection filed by creditor which is not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

14. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the Plan are as follows:

    a.    Mortgage Creditors are required to file a Notice of Mortgage Payment Change setting forth the basis of the change, the amount of the new payment and the date the new payment becomes due. Said Notice shall be filed within a reasonable time prior to the occurrence of the payment change and served upon the Trustee, Debtors and Debtors' counsel.

PEDRO SAAVEDRA and                                                                              CASE NO: 3:14-bk-02690-JAF
VIVIANA SAAVEDRA

      b.      Upon receipt of the Notice, the Trustee shall take the following action:

          (1)      If the new payment is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

          (2)      If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtors and file a Notice of Plan Payment Change setting forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the Confirmed Plan requested by the Trustee pursuant to 11 U.S.C. Section 1229. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

15. If the Debtors have surrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days of the date of this order, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

PEDRO SAAVEDRA and                                                       CASE NO: 3:14-bk-02690-JAF
VIVIANA SAAVEDRA

      16. Claim Notes listed on the attached Exhibit A are incorporated into the terms of this

Order.

      DONE and ORDERED in Jacksonville, Florida, this 27th day of January, 2015

_____
JERRY A. FUNK
United States Bankruptcy Judge

Copies to:
All interested parties

      Douglas W. Neway, the Chapter 12 Standing Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

# EXHIBIT A
## CASE NO: 3:14-bk-02690-JAF
### PEDRO SAAVEDRA and VIVIANA SAAVEDRA

| Claim No. | Creditor | Claim Type | Claim Amount | Total Plan Disbursement | Plan Payment Disbursements | |
|---|---|---|---|---|---|---|
|  | TRUSTEE EXPENSES | Priority | As set by the Court | | | |
|  | THE CHAUNCEY LAW FIRM PA | Priority | $10,000.00 | $10,000.00 | $400.00 | 1 - 25 |
|  | FORD MOTOR CREDIT COMPANY | Secured | $0.00 | $0.00 | $0.00 | |
| *Claim Notes:* *No claim filed. Collateral Surrendered.* | | | | | | |
| 01 | AGCO FINANCE LLC | Secured | $8,980.14 | $0.00 | $0.00 | |
| *Claim Notes:* *Collateral Surrendered.* | | | | | | |
| 01 | AGCO FINANCE LLC | Unsecured | $14,943.00 | $14,943.00 | ProRata | |
| 02 | JOHN DEERE FINANCIAL | Unsecured | $4,320.19 | $4,320.19 | ProRata | |
| 03 | JOHN DEERE FINANCIAL | Unsecured | $975.73 | $975.73 | ProRata | |
| 04 | INTERNAL REVENUE SERVICE | Priority | $34,395.65 | $37,142.75 | $1,485.71 | 1 - 25 |
| 04 | INTERNAL REVENUE SERVICE | Secured | $2,420.00 | $2,613.25 | $104.53 | 1 - 25 |
| *Claim Notes:* *Doc #145 Order Valuing @ $2420.00* | | | | | | |
| 04 | INTERNAL REVENUE SERVICE | Unsecured | $9,033.73 | $9,033.73 | ProRata | |
| 05 | WELLS FARGO BANK NA | Secured | $22,089.94 | $0.00 | $0.00 | |
| *Claim Notes:* *Collateral Surrendered.* | | | | | | |
| 06 | ALLY FINANCIAL | Secured | $13,366.00 | $15,504.00 | $620.16 | 1 - 25 |
| *Claim Notes:* *Doc #81 Order Valuing @ $13,366.00* | | | | | | |
| 06 | ALLY FINANCIAL | Unsecured | $18,433.13 | $18,433.13 | ProRata | |
| 07 | VOLVO FINANCIAL SERVICES | Secured | $29,685.36 | $33,698.00 | $1,347.92 | 1 - 25 |
| *Claim Notes:* *Allowed Secured Amount @ 29,685.36, Remainder Amount Allowed As Unsecured $18,054.73 Per Order Doc #140* | | | | | | |
| 07 | VOLVO FINANCIAL SERVICES | Unsecured | $18,054.73 | $18,054.73 | ProRata | |
| 08 | VOLVO FINANCIAL SERVICES | Secured | $28,420.37 | $33,262.00 | $1,290.48 | 1 - 25 |
| *Claim Notes:* *Allowed Secured Amount @ $28420.37, Remainder Amount Allowed As Unsecured $18,141.45 Per Order Doc #141* | | | | | | |
| 08 | VOLVO FINANCIAL SERVICES | Unsecured | $18,141.45 | $18,141.45 | ProRata | |
| 09 | BANK OF THE WEST | Secured | $5,000.00 | $5,799.75 | $231.99 | 1 - 25 |
| *Claim Notes:* *Doc#82 Order Valuing @ $5000.00* | | | | | | |
| 09 | BANK OF THE WEST | Unsecured | $12,090.77 | $12,090.77 | ProRata | |
| 10 | CAPITAL ONE BANK | Unsecured | $1,347.38 | $1,347.38 | ProRata | |
| 11 | GENERAL ELECTRIC CAPITAL CORP. | Secured | $121,126.24 | $0.00 | $0.00 | |
| *Claim Notes:* *Collateral Surrendered.* | | | | | | |
| 12 | GENERAL ELECTRIC CAPITAL CORP. | Secured | $146,364.64 | $0.00 | $0.00 | |
| *Claim Notes:* *Collateral Surrendered.* | | | | | | |

# EXHIBIT A
## CASE NO: 3:14-bk-02690-JAF
### PEDRO SAAVEDRA and VIVIANA SAAVEDRA

| Claim No. | Creditor | Claim Type | Claim Amount | Total Plan Disbursement | Plan Payment | Disbursements |
|---|---|---|---|---|---|---|
| 13 | FORD MOTOR CREDIT COMPANY | Secured | $13,000.00 | $8,388.25 | $335.53 | 1 - 25 |
| | **Claim Notes:** *Doc#143 Order Valuing @ $13,000.00, Payment Of This Claim Extends Beyond The Plan Term And Includes Interest. The Allowed Secued Claim Is $13,000.00.* | | | | | |
| 13 | FORD MOTOR CREDIT COMPANY | Unsecured | $3,034.35 | $3,034.35 | ProRata | |
| 14 | BANK OF AMERICA | Secured | $360,000.00 | $145,801.50 | $5,832.06 | 1 - 25 |
| | **Claim Notes:** *Mortgage. - Doc#142 Order Valuing @ $360,000.00. Payment Of This Claim Extends Beyond The Plan Term And Includes Interest. The Allowed Secured Claim Is $360,000.00* | | | | | |
| 14 | BANK OF AMERICA | Unsecured | $217,044.97 | $217,044.97 | ProRata | |
| 15 | SYNCHRONY BANK | Unsecured | $1,794.35 | $1,794.35 | ProRata | |
| 16 | AMERICAN INFOSOURCE | Unsecured | $231.83 | $231.83 | ProRata | |
| 17 | PYOD LLC | Unsecured | $1,431.92 | $1,431.92 | ProRata | |
| 18 | NATIONSTAR MORTGAGE LLC | Secured | $135,159.25 | $48,668.00 | $1,946.72 | 1 - 25 |
| | **Claim Notes:** *Payment Of This Claim Extends Beyond The Plan Term And Includes Interest* | | | | | |
| 19 | FARM SERVICE AGENCY | Secured | $59,800.00 | $66,975.00 | $2,679.00 | 1 - 25 |
| | **Claim Notes:** *Doc#144 Order Valuing @ $59,800.00.* | | | | | |
| 19 | FARM SERVICE AGENCY | Unsecured | $166,410.54 | $166,410.54 | ProRata | |
| 20 | BANK OF AMERICA | Unsecured | $57,901.04 | $57,901.04 | ProRata | |
| | **Claim Notes:** *Debtors Shall Have A Period Of Thirty (30) Days Following The Expiration Of The Claims Deadline Or The Entry Of An Order Confirming Plan, Whichever Occurs Later, Within Which To Seek Valuation Of Claim Number Twenty Pursuant To §506(A), United States Bankruptcy Code.* | | | | | |
| 21 | BANK OF AMERICA | Unsecured | $55,207.24 | $55,207.24 | ProRata | |
| 22 | BAC HOME LOANS LP | Secured | $100,000.00 | $25,454.00 | $1,018.16 | 1 - 25 |
| | **Claim Notes:** *Mortgage. - Doc#124 Order Valuing @ $100,000.00. Payment Of This Claim Extends Beyond The Plan Term And Includes Interest. The Allowed Secured Claim Is $100,000.00* | | | | | |
| 22 | BAC HOME LOANS LP | Unsecured | $50,000.00 | $50,000.00 | ProRata | |
| 23 | TD BANK NA | Secured | $141,583.00 | $0.00 | $0.00 | |
| | **Claim Notes:** *Mortgage. - Collateral Surrendered.* | | | | | |
| 23 | TD BANK NA | Unsecured | $78,417.00 | $78,417.00 | ProRata | |

**EXHIBIT A**
**CASE NO: 3:14-bk-02690-JAF**
**PEDRO SAAVEDRA and VIVIANA SAAVEDRA**

| Claim No. | Creditor | Claim Type | Claim Amount | Total Plan Disbursement | Plan Payment Disbursements |
|---|---|---|---|---|---|

**Debtor Payment Schedule**

| StartDate | PaymentAmount |
|---|---|
| February 1, 2015 | $18,225.00 |
| April 15, 2015 | $18,225.00 |
| June 27, 2015 | $18,225.00 |
| September 8, 2015 | $18,225.00 |
| November 20, 2015 | $18,225.00 |
| February 1, 2016 | $18,225.00 |
| April 14, 2016 | $18,225.00 |
| June 26, 2016 | $18,225.00 |
| September 7, 2016 | $18,225.00 |
| November 19, 2016 | $18,225.00 |
| January 31, 2017 | $18,225.00 |
| April 14, 2017 | $18,225.00 |
| June 26, 2017 | $18,225.00 |
| September 7, 2017 | $18,225.00 |
| November 19, 2017 | $18,225.00 |
| January 31, 2018 | $18,225.00 |
| April 14, 2018 | $18,225.00 |
| June 26, 2018 | $18,225.00 |
| September 7, 2018 | $18,225.00 |
| November 19, 2018 | $18,225.00 |
| January 31, 2019 | $18,225.00 |
| April 14, 2019 | $18,225.00 |
| June 26, 2019 | $18,225.00 |
| September 7, 2019 | $18,225.00 |
| November 19, 2019 | $18,225.00 |

Copies to:
Debtors
The Chauncey Law Firm Pa
Douglas W. Neway, Trustee
All Interested Parties